IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| TESORO REFINING AND MARKETING COMPANY,<br><br>             Plaintiff,<br><br>vs.<br><br>LYLE TUCKER DISTRIBUTING, INC., KERRY TUCKER, and TAB TUCKER,<br><br>             Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  1:06CV116DAK |

This matter is before the court on Defendants Kerry Tucker's and Tab Tucker's ("the Tuckers") Motions for Declaratory Judgment, and Plaintiff Tesoro Refining and Marketing Company's ("Tesoro") Cross-Motion for Summary Judgment.  A hearing on these motions was held on October 9, 2007.  At the hearing, Tesoro was represented by George Pratt, and Defendants were represented by Scott Nickle.  Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties.  Since taking these motions under advisement, the court has further considered the law and facts relating to these motions.  Now being fully advised, the court renders the following Memorandum Decision and Order.

BACKGROUND

Tesoro and the Tuckers executed a Guaranty Agreement on April 30, 2002, which by its own terms expired one year from the date of execution.  The Guaranty Agreement was required

by Tesoro for certain extensions of credit and equipment to Lyle Tucker Distributing, Inc. ("LTD").  The agreements relating to extensions of credit and equipment include a "Branded Jobber Contract" dated March 1, 2002, as well as three "Equipment Agreements" dated April 1, 2002.  The Branded Jober Contract set forth terms on which LTD agreed to purchase from Tesoro, and then sell and distribute Tesoro branded petroleum products.  These agreements were entered into  prior to the execution of the Guaranty Agreement.  It is undisputed however, that credit was not extended and equipment was not released by Tesoro until after the Guaranty Agreement was executed.

The express terms of the Guaranty Agreement contained specific triggering events which would create an obligation for the Tuckers to pay.  None of the triggering events specified in the Guaranty Agreement occurred prior to the expiration of the Guaranty Agreement.  After April 30, 2003, Tesoro demanded payment from the Tuckers for sums owed by LTD pursuant to the Guaranty Agreement, claiming that the Tuckers were liable to pay because the Branded Jobber Contract and the Equipment Agreements had become binding prior to the expiration of the Guaranty Agreement.

## DISCUSSION

The Tuckers argue that: (1) the Guaranty Agreement is void because it fails for lack of consideration and mutuality; and (2) the Guaranty Agreement expired by its own terms prior to the occurrence of any specified triggering event and therefore the Tuckers are not liable.

The Tuckers argue that because there was no "new" consideration to support the Guaranty Agreement that Tesoro's promise is discretionary and therefore illusory.  The Tuckers point out that the Guaranty Agreement was executed on April 30, 2002, and that the underlying obligations

of LTD were entered into on March 1, 2002, and April 1, 2002.

Tesoro argues that no separate consideration was needed for the Guaranty Agreement because the underlying agreements were entered into on the faith of the Tuckers' guaranty. Tesoro argues that because its obligation to extend any credit to LTD was expressly conditioned on receipt of the Tuckers' guaranty, the agreement was "contemplated by and executed in the course of the original transaction." *Windham v. Cal-Tim, Ltd.*, 47 S.W.3d 846, 850 (Tex. Ct. App. 2001) (finding no need for separate consideration for a guaranty agreement). Furthermore, Tesoro argues that there is no lack of mutuality since by the terms of the agreements, Tesoro is required to provide and install equipment and signage.

No separate consideration is needed for a guaranty agreement to be valid provided that the agreement is contemplated by and executed in the course of the original transaction. *See*, *e.g.*, *id.*; *Ryco Packaging Corp. of Kansas v. Chappelle Int'l, Ltd.*, 926 P.2d 669, 675 (Kan. 1997) ("[A] guaranty promise is founded upon consideration if the promise was given as the result of the previous arrangement, the principal obligation having been induced by or created on the faith of the guaranty.").

The undisputed facts show that although the underlying agreements with LTD were entered into prior to the execution of the Guaranty Agreement, it is clear that LTD did not extend any credit until after the execution of the Guaranty Agreement. Furthermore, it is clear from the undisputed facts that the underlying agreements were induced by and created on the faith of the Guaranty Agreement. Therefore, no separate consideration was needed for the Guaranty Agreement.

Additionally, the undisputed facts also show that both parties were bound by mutual promises and therefore there was no lack of mutuality. Therefore, the Guaranty Agreement does not fail for lack of consideration or mutuality.

Next, the Tuckers argue that because the Guaranty Agreement expired by its terms prior to the occurrence of any of the specified "triggering events," any subsequent default of LTD on the underlying agreements does not make the Tuckers liable and obligated to perform under the Guaranty Agreement. On the other hand, Tesoro argues that the law is clear that the Tuckers are liable for all obligations incurred by LTD which became binding prior to the expiration of the Guaranty Agreement. Tesoro contends that although none of the triggering events had occurred at the time the Guaranty Agreement expired, the obligation became binding at the time the Guaranty Agreement was executed and that liability was not simply dissolved upon the expiration of the Guaranty Agreement.

An express term of expiration in a continuing guaranty agreement does not terminate a guarantor's liability for obligations that become contractually binding prior to the expiration date. *See, e.g.*, *Louis Dreyfus Energy Corp. v. MG Refining & Marketing, Inc.*, 812 N.E.2d 936, 943 (N.Y. Ct. App. 2004). In *Dreyfus,* the court held that a continuing guaranty containing an expiration date required guarantor to pay obligations that were contractually binding, but were not yet due and payable at the time the guaranty expired, where the guaranty did not express a contrary intention. *Id.*

In *Dreyfus*, the guaranty agreement contained an express provision that "revocation shall . . . apply only to contracts entered into on or after the Effective Date and shall not affect the

liability of [the guarantor] in respect of any of the Contracts that were entered into before the Effective Date." *Id.* at 497-98 (internal citation omitted).  While the Guaranty Agreement in the present case does not contain such a provision, this distinction does not make a difference.  In reaching its conclusion, the *Dreyfus* court relied on *Bandaq, Inc. v National Acceptance Co. of America*, 855 F.2d 491 (7th Cir. 1988).  In *Bandaq*, as in the instant case, there was no express provision in the guaranty agreement.  Although the expiration date of the guaranty had passed before the underlying debts had become due, the court refused to find that liability under the guaranty had terminated.  *Id.*  Rather, the court looked to the intent of the parties and determined that such a construction was unreasonable because it would render the guaranty useless.  *Id.*

Based on the undisputed facts in the present case, it would likewise be unreasonable to determine that Tesoro would have entered into the underlying agreements based on an understanding that liability under a required personal guaranty would terminate after one year.  Additionally, Section 16 The Third Restatement of Security & Suretyship and Guaranty clearly supports the position of Tesoro.  The Restatement in part states:

> [u]pon termination of a continuing guaranty, the continuing guarantor remains a secondary obligor with respect to obligations of the principal obligor incurred prior to termination and becomes a secondary obligor with respect to obligations of the principal obligor incurred by extensions of credit to the principal obligor after termination pursuant to a commitment that **became binding before termination**.

Rest. 3d Sur. § 16 (emphasis added).  Although none of the specified triggering events had occurred prior to the expiration of the Guaranty Agreement, the obligations became binding when the Guaranty Agreement was signed because the Guaranty Agreement was required for the extension of credit pursuant to the underlying agreements with LTD.  This construction is

consistent with the position taken in the Restatement and with the court interpretations in both *Bandaq* and *Dreyfus*, as well as several other cases cited by Tesoro. The Tuckers fail to cite a single case to support their position.

The Guaranty Agreement executed by Tesoro and the Tuckers on April 30, 2002 does not fail for lack of consideration or mutuality. Additionally, the Tuckers became liable as secondary guarantors for all agreements between Tesoro and LTD that were expressly dependent upon personal guaranty, and which became legally binding prior to April 30, 2003. Therefore, the Tuckers are liable under the Guaranty Agreement for all such obligations incurred by LTD prior to April 30, 2003.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Tuckers' Motions for Declaratory Judgment [Docket # 28, 29] are DENIED, and that Tesoro's Cross-Motion for Summary Judgment [Docket # 36] is GRANTED.

DATED this 14th day of November, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge