**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| **TESORO REFINING AND MARKETING COMPANY,** | |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER** |
| **vs.** | |
| **LYLE TUCKER DISTRIBUTING, INC., KERRY TUCKER, and TAB TUCKER,** | **Case No.  1:06CV116DAK** |
| **Defendants.** | |

This matter is before the court on Plaintiff Tesoro Refining and Marketing Company's ("Tesoro") Motion for Summary Judgment   A hearing on the motion was held on June 18, 2008. At the hearing, Tesoro was represented by George W. Pratt, and Defendants Lyle Tucker Distributing, Inc. ("LTD") and Kerry and Tab Tucker (the "Tuckers") were represented by Scott P. Nickle.  Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties.  Since taking this motion under advisement, the court has further considered the law and facts relating to the motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

On April 1, 2002, Tesoro and LTD entered into three separate Equipment Agreements – one for each of three separate retail locations to which Tesoro authorized LTD to distribute Tesoro-branded products.   Additionally, on April 1, 2002, Tesoro and LTD entered into a Jobber

Assistance Agreement ("Jobber Agreement") for LTD's Roy, Utah location (hereafter the "2868

Site").   On or about April 30, 2002, Defendants executed a "continuing and unconditional"

Guaranty Agreement.

Tesoro argues that, like the Equipment Agreements at issue in Tesoro's prior Cross-

Motion for Summary Judgment, the Assistance Agreement provides:

> Conditions to Tesoro's Commitment. Tesoro reserves the right to refrain from providing Jobber any Assistance Payments until such time as the following conditions have been satisfied:
>
> > (A) Jobber has provided to Tesoro . . . such security in the form of . . . personal guarantes, or other security, as Tesoro may determine, in its sole discretion, is appropriate.

Also like the Equipment Agreements previously at issue in this case, the Assistance

Agreement provides that "[t]his Agreement, along with any security documents, promissory note,

or other documents executed in conjunction herewith, contain all agreements and understandings

between the parties pertaining to the subject matter of this Agreement."   No Assistance Payments

were extended by Tesoro to LTD pursuant to the Assistance Agreement until after the Guaranty

Agreement was executed.

Thus, according to Tesoro, under the Equipment Agreement for the 2868 Site, LTD owes

Tesoro (and the Tuckers remain secondarily liable for) the equipment provided and credit

extended under that agreement in the principal amount of $69,860.26.   In addition, Tesoro

contends that under the Assistance Agreement for the 2868 Site, LTD owes Tesoro (and the

Tuckers remain secondarily liable for) the Assistance Payments made under that agreement in the

principal amount of $43,351.07.   Further, Tesoro claims, under the Assistance Agreement for the

2868 Site, LTD also owes Tesoro (and the Tuckers remain secondarily liable for) liquidated

2

damages in the principal amount of $33,425.96.

Next, Tesoro argues that under the Equipment Agreement for the 2869 Site, LTD owes Tesoro (and the Tuckers remain secondarily liable for) the equipment provided and credit extended under that agreement in the principal amount of $49,919.88.   Finally, under the Equipment Agreement for the 2870 Site, Tesoro claims that LTD owes Tesoro (and the Tuckers remain secondarily liable for) the equipment provided and credit extended under that agreement in the principal amount of $48,810.40.

In addition, according to Tesoro, the total amount of interest that has accrued on the amounts set forth above, calculated from the dates of LTD's defaults at the three sites, through February 29, 2008, is $46,231.27.   Defendant Kerry Tucker confirmed at his deposition that LTD was in fact in default of its obligations under the Equipment Agreements and Assistance Agreement as of the default dates asserted by Tesoro.

While Defendants do not dispute that defaults or the amounts, they contend that the court should deny Tesoro's summary judgment motion because disputed issues of material fact exist. Specifically, they claim that Tesoro contributed to a mutual default of the obligations under the Agreements because Tesoro did not "observe basic contract principals of good faith and fair dealing."  Defendants also argue that there are factual questions about whether liquidated damages are appropriate.

The crux of Defendants' argument is that during negotiations with Tesoro and as a basis of the bargain upon which Defendants relied when entering into the Agreements with Tesoro, Tesoro's agents represented that Tesoro "would keep pricing on Tesoro's product at a mid-way

3

between prices being offered at discount facilities (e.g., Costco, Wal-Mart and Maverick) and other premium-priced retailers (e.g., Chevron and Texaco)."   According to Defendants, the purpose for a mid-level pricing of Tesoro's product was represented to Defendants by Tesoro's agents as a means allow Tesoro to develop a retail market for its products in a new geographical area unfamiliar with Tesoro and its products.

Defendants argue that after the Agreements were entered into, Tesoro maintained its mid-level pricing with Defendants for several months, but then Tesoro then increased the price of its product to Defendants to be like the premium-priced, branded retailers, e.g., Chevron and Texaco.   Defendants further contend that at the same time Tesoro had increased its pricing to Defendants for its product to be sold at their retail sites, Tesoro was offering its product at discounted prices to discount facilities, directly undermining Defendants' economic sustainability.   They assert that the price Tesoro charged Defendants for the product it sold to Defendant for sale in their retail stores was not commercially reasonable.   Thus, they argue, Tesoro contributed to the default at issue here.

The court finds, however, that Defendants have failed to create a genuine issue of material fact on these issues.   The Affidavit of Kerry Tucker ("Tucker Affidavit") lacks the foundational elements required by Rule 56(e) and therefore does not create any genuine issues of material fact.   The Tucker Affidavit is replete with both opinions and conclusions, but there is no factual detail as to the underpinnings of these opinions and conclusions.   Also, there has been no showing that Mr. Tucker is competent to testify as to these matters.

For example, without providing any factual foundation, Mr. Tucker opines that "Tesoro

failed to price its product at a commercially reasonable price for the consuming public"; that
Tesoro offered "mid-level pricing"; that Tesoro increased its prices "to be like the premium-
priced, branded retailers"; that there was "little demand" for Tesoro's product; and that Tesoro's
prices "undermin[ed] LTD, Inc's economic sustainability"   Not only do these paragraphs fail to
"set forth specific facts" as required by Rule 56(e)(2), but they also lack the foundation
requirements of the Federal Rules of Evidence.   None of these opinions is in the realm of lay
person perception, and therefore, to offer these opinions would require specialized knowledge
concerning the economics of the retail gasoline industry and the pricing of oil products.  Yet
Defendants made no attempt to establish Mr. Tucker's competency to provide such expert
testimony, his first-hand knowledge of industry pricing, or to describe the economic techniques
ostensibly employed by Mr. Tucker to derive his opinions on the commercial reasonableness of
Tesoro's prices and the market demand of Tesoro's products.

Moreover, even if this testimony could be characterized as lay opinion under Rule 701 of
the Federal Rules of Evidence, Defendants have not laid any factual foundation concerning
Mr. Tucker's firsthand knowledge of commercial reasonableness, "mid-level" or "premium"
pricing, demand for Tesoro's product, and "economic sustainability."  For example, Mr. Tucker
testified that "[a]t the same time Tesoro had increased its pricing to LTD, Inc. . . . I learned that
Tesoro was offering its product at discounted prices to discount facilities."  However, Mr. Tucker
does not identify the prices Tesoro allegedly charged to discount facilities or how he obtained
this information.  Indeed, Mr. Tucker previously acknowledged that he does not possess any first
hand knowledge of the prices charged by Tesoro to discount facilities, or any other of

Defendants' competitors.   At his deposition, Mr. Tucker was questioned about the basis for his claim that Tesoro offered cheaper prices to Defendants' competitors, and he admitted that "I don't have any factual knowledge of it, no." (Tucker Dep., p. 74, l. 17 to p. 75, l. 8, attached as Exh. B to Defs.' Mem. in Opp.)   Without factual basis, Mr. Tucker's opinions and conclusions are not probative and cannot create a genuine issue of material fact to preclude summary judgment.

In addition, Defendants argue that material questions of fact exist with respect to the "appropriateness of an award of liquidated damages," but again, Defendants have not demonstrated any admissible evidence to create an issue of disputed fact on this issue. Defendants' argument also ignores that the purpose of the liquidated damages provision was to compensate Tesoro for lost profits in the event of the distributor's default.   Because lost profit damages are not readily ascertainable, Defendants had agreed that in the event of default, they would pay Tesoro liquidated damages in the amount of one-half cent for each gallon that Defendants had agreed to purchase (minimum of 1,080,000 gallons per year) from the date Defendants ceased to operate the 2868 Site as a Tesoro facility, through the end of the term of their agreement. (*See* Reese Decl., ¶ 19.)   While Defendants have asserted that Tesoro's lost profits are readily ascertainable, they have failed to create any disputed fact on this issue or offer any legal argument as to why this provision should not be enforced.

Thus, Defendants have not created any genuine issue of material fact that would preclude the granting of summary judgment to Tesoro.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Tesoro's Motion for Summary Judgment [docket # 68] is GRANTED.   The Clerk of the Court is directed to enter judgment in favor of Tesoro and against Lyle Tucker Distributing, Inc., Kerry Tucker, and Tab Tucker in the amount of $245,367.57, plus prejudgment interest in the amount of $ 46,231.27, for a total judgment of $291,598.84.   The court declines to award any additional prejudgment interest.

DATED this 30th day of June, 2008.

BY THE COURT:

DALE A. KIMBALL
United States District Judge